# In the United States Court of Federal Claims

No. 21-2225C

(E-Filed: September 21, 2022)

|  |  |  |
|---|---|---|
| JASON H. WILD, | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Dismiss; RCFC 12(b)(6); |
| | ) | Failure to State a Claim; Motion for |
| v. | ) | Judgment on the Administrative |
| | ) | Record; RCFC 52.1; Substantial |
| THE UNITED STATES, | ) | Evidence. |
| | ) | |
| Defendant. | ) | |
| | ) | |

William E. Cassara, Evans, GA, for plaintiff.

David M. Kerr, Trial Attorney, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Jahn C. Olson, Department of the Navy, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

On February 16, 2022, defendant filed a motion to dismiss count one of plaintiff's complaint in this case pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), or, in the alternative, pursuant to RCFC 52.1, and count two of plaintiff's complaint pursuant to RCFC 52.1. See ECF No. 8. Plaintiff filed his response to defendant's motion on May 23, 2022, see ECF No. 13; and defendant filed its reply in support of its motion on June 6, 2022, see ECF No. 14. The motion is thus fully briefed and ripe for decision. In addition to the briefing, the court has reviewed plaintiff's complaint, ECF No. 1, and the administrative record (AR) in this matter, ECF No. 7.

The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, defendant's motion to dismiss and motion for judgment on the AR are **GRANTED**.

I.      Background

Plaintiff challenges the decision of the United States Department of the Navy Board for the Correction of Naval Records (BCNR) that his retirement grade was appropriate and that the amount of his debt was correct. See ECF No. 1 at 7-11; ECF No. 13 at 5-6.

After completing active duty, plaintiff was a reserve officer in the United States Marine Corps from 2001 until his discharge in 2016. See ECF No. 1 at 2; see also ECF No. 7-1 at 9 (BCNR decision). During that time, plaintiff was "mobilized to active duty" in a "series of mobilizations" between 2003 and 2014. ECF No. 1 at 2. As part of those mobilizations, plaintiff received reimbursement for his travel expenses. See id. at 3. Those reimbursements were the subject of an audit by the Naval Audit Service (NAS), which was then referred to the Defense Criminal Investigative Service (DCIS) for investigation. See id. at 3, 5. In 2015, plaintiff was indicted for conspiracy to commit wire fraud related to his travel reimbursement claims. See id. at 6-7. Plaintiff was convicted by a jury in November 2016. See id. at 7. In response to the audit and the referral to DCIS, the Marine Corps Reserve Finance Officer "disqualified nearly all travel claim payments made to [plaintiff] from 2004 to 2013," and determined that plaintiff owed a debt of $190,676.06, which was deducted from plaintiff's pay until he left active duty. Id. at 6.

While the criminal case was pending, the Marine Corps "convened a Board of Inquiry" to review the allegations against plaintiff and decide "whether the misconduct alleged had been substantiated, and if so, at what rank [plaintiff] should be retired." Id. at 7. Plaintiff had been appointed captain in 2000 and major in 2006, and the board recommended that he "be retired at the rank of 1st Lieutenant," which was his rank prior to his promotion to captain. Id. Plaintiff was therefore place on the retired reserve list as first lieutenant on October 1, 2016. See id. at 7-8.

Plaintiff applied to the BCNR in May 2019, "requesting that the BCNR amend his retirement rank to Major, eliminate the debt being collected, and pay him the travel allowances owed to him for legitimate travel expenses." Id. at 8. In support, plaintiff "provided a great deal of evidence that was not considered by the Board of Inquiry or the NAS or DCIS investigators," including a handwritten envelope that plaintiff alleges he found "[w]hile preparing for his federal trial in late 2016," id. at 8, and carbon copies of handwritten checks dated from 2004 to 2006, that plaintiff alleges establish that he "legitimately obtained" the travel reimbursement funds and they "should not be collected from him as a debt," id. at 8-9.

The board "reviewed [plaintiff's] allegations of error and injustice," and considered fifteen exhibits, "relevant portions of [plaintiff's] naval record, and applicable statutes, regulations and policies." ECF No. 7-1 at 7. The exhibits the BCNR considered

2

included documents from "the office having cognizance over the subject matter concerning financial debt," and "the office having cognizance over the subject matter concerning separation grade." Id. at 10.  The exhibits also included a 2012 NAS letter referring plaintiff to Naval Criminal Investigative Service (NCIS) for investigation, which included a detailed summary of the travel reimbursements from 2004 to 2008 that NAS had concluded were fraudulent.  See id.; see also ECF No. 7-2 at 48-65.  And, the board exhibits included misconducts reports that detailed fraudulent activity from 2004 to 2011, and a letter from the Department of Defense Inspector General.  See ECF No. 7-1 at 7; ECF No. 7-2 at 73-78 (2015 and 2016 reports of misconduct, including a summary of the findings of the Board of Inquiry); ECF No. 7-2 at 68 (letter from the Department of Defense Inspector General summarizing the charges and referral to the United States Attorney's Office for the Central District of California).

  The BCNR concluded, "[u]pon review and consideration of all the evidence of record, and especially in light of the contents" of the exhibits, that corrective action was warranted.  Id. at 10.  It held that "[t]he NCIS investigation found evidence that [plaintiff] submitted illegitimate travel claims for travel conducted as early as January 2004 [when plaintiff held the rank of] Captain," but that a portion of his outstanding debt had been satisfied by his payment of restitution as a result of his criminal conviction, and that a portion of his 2012 travel expenses found to be illegitimate by the NAS were, in fact, legitimate.  Id. at 11.  The board thus concluded that plaintiff's "separation grade of First Lieutenant was appropriate," and the board stated that it "substantially concurred with the comments contained in the" document from the office having cognizance over plaintiff's separation grade, but also concluded that plaintiff's pay account should be credited for the restitution he had paid and for the 2012 travel expenses it found to be legitimate.  Id.

  In his complaint before this court, plaintiff alleges that the BCNR "failed to properly place [him] on the retired list in the highest grade in which he served satisfactorily," ECF No. 1 at 11, and "failed to properly pay [p]laintiff the allowances that he is entitled to receive, under the Joint Federal Travel Regulations," id. at 12.  According to plaintiff, the board made these errors "as a result of [its] failure to consider substantial new evidence concerning alleged misconduct," id. at 11, and "concerning valid travel expenses," id. at 12.  Plaintiff requests in relief that this court place him "on the Retired Reserve list at the rank of Major," id. at 12, pursuant to 10 U.S.C. §§ 12731 and 12771, see id. at 11, and order "[p]ayment of $53,337.71 in legitimate travel allowances that were deducted from his active duty pay," id. at 12.  Plaintiff alleges that the court has jurisdiction to do so on the basis of the Tucker Act, 28 U.S.C. § 1491(a)(1), the Reserve Retired Pay Statute, 10 U.S.C. §§ 12731-12741, and the Joint Travel Regulations.  See id. at 1.

3

II.      Legal Standards

    A.      Failure to State a Claim

When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

    B.      Judgment on the Administrative Record

When reviewing a matter pursuant to RCFC 52.1, the court "will not disturb the decision of the [board] unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Barnick v. United States, 591 F.3d 1372, 1377 (Fed. Cir. 2010) (citation omitted); see also Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998) ("When called upon to review a decision of a corrections board . . . the standard of review is whether the decision is arbitrary, capricious, unsupported by substantial evidence, or contrary to law."). The court does not sit as a "super correction board," Skinner v. United States, 594 F.2d 824, 829 (Ct. Cl. 1979) (citation and quotation marks omitted); therefore, when it reviews a board decision, the court does not "reweigh[ ] . . . the evidence, but . . . determin[es] whether the conclusion being reviewed is supported by substantial evidence," Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983) (emphasis in original).

"Substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Strand v. United States, 951 F.3d 1347, 1351 (Fed. Cir. 2020) (quoting Consol. Edison Co. of N.Y. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938)). The court presumes that the board's actions are valid, and "the burden is upon the complainant to show otherwise." Melendez Camilo v. United States, 642 F.3d 1040, 1045 (Fed. Cir. 2011) (citation omitted). It further presumes that the board "performed its function according to the regulations and considered all of [plaintiff's] records." Id. (citations omitted).

III.  Analysis

    A.  Plaintiff Failed to State a Claim Pursuant to the Reserve Retired Pay Statute

Defendant contends that plaintiff has failed to state a claim upon which the court can grant relief because he is not eligible for money damages under the Reserve Retired Pay statute.  See ECF No. 8 at 13-15.  According to defendant, plaintiff's claim should therefore be dismissed as a result of both this failure and the court's inability to grant declaratory judgments.  See id. at 14-15.

Plaintiff indeed fails to allege any facts regarding his eligibility under the Retired Reserve Pay statute.  See generally ECF No. 1.  Plaintiff also admits that he is not yet sixty years old as is required to be eligible for pay under the Reserve Retired Pay statute.  See 10 U.S.C. § 12731(f)(1) ("the eligibility age . . . is 60 years of age"); see also ECF No. 13 at 5 ("Mr. Wild is not yet 60 years old and is not currently eligible for payment under the retirement pay statute."); id. at 6 ("Plaintiff is not yet 60 years old, and is therefore not yet eligible to collect pay as a member of the Retired Reserve.").  Instead, plaintiff argues in his response to defendant's motion that his "claim for retirement at the appropriate rank and cancellation of the debt [defendant] alleges to be still outstanding are prayers for equitable relief that are tied entirely to the determination of whether the travel payments were fraudulently obtained." ECF No. 13 at 7.  Plaintiff therefore contends that the court should exercise ancillary jurisdiction over his claims.  See id.

Defendant replies that such an exercise would be inappropriate here because "a hypothetical money judgment on [plaintiff's] travel-pay claim would afford him complete relief," and the declaratory relief he seeks "would not be necessary to provide him an entire remedy"—the only avenue by which the court is empowered to issue a declaratory judgment.  ECF No. 14 at 2.

The court agrees with defendant that plaintiff has failed to state a claim upon which the court can grant relief.  It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  A claim is properly dismissed "for failure to state a claim upon which relief may be granted when [the court] determine[s] that plaintiff[ ] could not recover under [the money-mandating] statute." Jan's Helicopter Service, Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008).  And, although the court may "grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction," it may not do so "when [the equitable relief] is unrelated to a claim for monetary relief pending before the court." Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998).

Plaintiff is not eligible for pay under the Retired Reserve Pay statute because he is not yet sixty years old and therefore may not obtain relief under that statute.  See 10 U.S.C. § 12731(f)(1) ("the eligibility age . . . is 60 years of age"); ECF No. 13 at 5, 6; see

5

also Lindsay, 295 F.3d at 1257; Jan's Helicopter, 525 F.3d at 1308. Plaintiff's claim pursuant to the Retired Reserve Pay statute is also unrelated to his claim for travel expenses. That claim, as defendant argues, may be addressed entirely through monetary relief without reference to his placement on the retired reserve list. It therefore does not fall under the court's ancillary jurisdiction and must be dismissed. See Nat'l Air Traffic Controllers Ass'n, 160 F.3d at 716.

      B.      The BCNR's Decision Was Not Arbitrary, Capricious, Contrary to Law, or Unsupported by Substantial Evidence

Defendant argues that plaintiff "cannot satisfy his burden of showing that the board erred" as to his travel expenses. ECF No. 8 at 24. According to defendant, "there is no indication that the BCNR failed to consider" the new evidence that plaintiff introduced in his application to the board, as plaintiff alleges. See id. at 24; see also id. at 22. Plaintiff responds that the "administrative record does not contain substantial evidence in support of the Board's determination that the travel payments . . . were fraudulent." ECF No. 13 at 8.

Specifically, plaintiff argues that the record does not contain the travel claims themselves or the DCIS investigation, and the board "relied entirely upon the NAS referral letter and [the Board of Inquiry's] findings despite the fact that those documents did not include the travel documents themselves or the material [p]laintiff provided for the Board's consideration." Id. at 9. Plaintiff contends that the new evidence he provided to the board resulted in the board's conclusion that a portion of his 2012 travel expenses previously found to be illegitimate were, in fact, legitimate. Id. at 9. According to plaintiff, the new evidence he submitted with regard to his travel claims from 2004 through 2011—including the handwritten envelope that plaintiff alleges he found "[w]hile preparing for his federal trial in late 2016," ECF No. 1 at 8, and carbon copies of handwritten checks dated from 2004 to 2006, along with all of the travel reimbursement documentation from 2004 to 2011—would have supported a similar conclusion had the board considered it, see ECF No. 13 at 9-10.

In the court's view, the BCNR's decision was not "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Barnick, 591 F.3d at 1377. The court presumes that the board's actions are valid, and "the burden is upon the complainant to show otherwise." Melendez Camilo, 642 F.3d at 1045 (citation omitted). It further presumes that the board "performed its function according to the regulations and considered all of [plaintiff's] records." Id. (citations omitted). The board stated in its decision that it "reviewed [plaintiff's] allegations of error and injustice," and considered fifteen exhibits, "relevant portions of [plaintiff's] naval record, and applicable statutes, regulations and policies." ECF No. 7-1 at 7. It further stated that its conclusions were based "[u]pon review and consideration of all the evidence of the record," and made "in light of the contents" of the exhibits it had before it. Id. at 10. The board reviewed a

6

2012 NAS letter referring plaintiff to NCIS for investigation, which included a detailed summary of the travel reimbursements from 2004 to 2008 that NAS had concluded were fraudulent. See id.; see also ECF No. 7-2 at 48-65. And, the board exhibits included misconduct reports that detailed fraudulent activity from 2004 to 2011, and a letter from the Department of Defense Inspector General. See ECF No. 7-1 at 7; ECF No. 7-2 at 73-78 (2015 and 2016 reports of misconduct, including a summary of the findings of the Board of Inquiry); ECF No. 7-2 at 68 (letter from the Department of Defense Inspector General summarizing the charges and referral to the United States Attorney's Office for the Central District of California).

Plaintiff has not presented any evidence indicating that the board's statements about its review of the evidence are erroneous. See ECF No. 13 at 8-10. Nor has plaintiff pointed to any evidence that the board failed to consider his new evidence. See id. The board relied upon the summaries of plaintiff's fraudulent activity for the years 2004 to 2011, and reviewed plaintiff's additional evidence for 2012—a year not covered by the summaries. See ECF No. 7-1 at 7-11; ECF No. 7-2 at 48-65, 68, 73-78. To be supported by substantial evidence, the board's decision must rely on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Strand, 951 F.3d at 1351 (citation omitted). Plaintiff does not present any authority to support his argument that a heightened standard requiring the board to look beyond the investigation materials it relied upon for the years prior to 2012 applies in this case. The board's decision, therefore, permissibly "relied entirely upon the NAS referral letter and [the Board of Inquiry's] findings." ECF No. 13 at 9; see also Strand, 951 F.3d at 1351. Without more, the court will not disturb the board's decision and will grant defendant's motion for judgment on the AR.

IV.   Conclusion

Accordingly, for the foregoing reasons:

(1)   Defendant's motion to dismiss and motion for judgment on the AR, ECF No. 8, are **GRANTED**; and

(2)   The clerk's office is directed to **ENTER** final judgment in defendant's favor **DISMISSING** plaintiff's complaint, with prejudice.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge